**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

*February 18, 2025*

Nathan Ochsner, Clerk of Court

JAKE A. DUOBLYS                                          )

Complainant,                                            )

                                                    )

                                                    )

v.                                                      )       Civil Action No. **4:25-cv-00768**

                                                    )

KYLE D. KROESSER, ASSISTANT SPECIAL                     )       **ORIGINAL COMPLAINT**

AGENT IN CHARGE; CLOEY C. PIERCE,                       )       **DEMAND FOR JURY TRIAL**

SPECIAL AGENT IN CHARGE; SANDRA D.                      )

BARNES, DEPUTY ASSISTANT INSPECTOR                      )

GENERAL FOR INVESTIGATIONS; SARAH E.                    )

LAKE, ASSISTANT INSPECTOR GENERAL                       )

FOR INVESTIGATIONS; AND JONATHAN M.                     )

MALIS, GENERAL COUNSEL, U.S.                            )

DEPARTMENT OF JUSTICE, OFFICE OF THE                    )

INSPECTOR GENERAL,                                      )

Defendants.                                             )

                                                    )

---

**PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATION OF CONSTITUTIONAL**

**RIGHTS UNDER *BIVENS***

Plaintiff Jake A. Duoblys, proceeding pro se, hereby files this Complaint for violation of his constitutional rights under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), in accordance with 28 U.S.C. § 1331, as follows:

**I. INTRODUCTION**

1. This is a civil action brought by Plaintiff Jake A. Duoblys, seeking redress for violations of his constitutional rights under the Fourth, Fifth, and Second Amendments to the United States Constitution. Plaintiff alleges that Defendants, federal officials acting under the color of federal authority, unlawfully seized and retained Plaintiff's personally owned

1   firearm without consent, legal process, or justification, depriving him of his rights under
2   the Fourth and Second Amendments.   Furthermore, Plaintiff claims that Defendant's
3   conduct violated his Fifth Amendment right to due process by denying him fair notice and
4   an opportunity to challenge the seizure.

5   2.   Plaintiff further alleges that no alternative legal remedy exists to address the unlawful
6   actions of the federal officers in this case and that *Bivens* is the appropriate vehicle for
7   addressing the constitutional violations committed by federal officers in the course of their
8   official duties.

9   **II. JURISDICTION AND VENUE**

10  1.   This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as this case involves
11  questions of federal constitutional law.

12  2.   The venue is proper in this district under 28 U.S.C. § 1391, as the events giving rise to this
13  action occurred in this district, and Defendants are employed by agencies of the federal
14  government located within this district.

15  **III. PARTIES**

16  1.   Plaintiff Jake A. Duoblys is a Special Agent with the DOJ OIG, Investigations Division,
17  stationed in the Houston Office, and a Harris County (Katy), Texas resident.

18  2.   Defendant Kyle D. Kroesser is the Assistant Special Agent in Charge (ASAC) of the
19  Houston Office of the DOJ OIG and acted under color of federal law in his official capacity
20  at all relevant times.

21  3.   Defendant Cloey C. Pierce is the Special Agent in Charge (SAC) of the DOJ OIG and acted
22  under color of federal law in her official capacity at all relevant times.

23  4.   Defendant Sandra Barnes is the Deputy Assistant Inspector General for Investigations in
24  the DOJ OIG and acted under color of federal law in her official capacity at all relevant
25  times.

26  5.   Defendant Sarah E. Lake is the Assistant Inspector General for Investigations in the DOJ
27  OIG and acted under color of federal law in her official capacity at all relevant times.

28  6.   Defendant Jonathan Malis is the General Counsel for the DOJ OIG and acted under color
29  of federal law in his official capacity at all relevant times.

30  **IV. FACTUAL ALLEGATIONS**

31  1.   Defendant's First Instance of Constitutional Violations.

a) <u>Leading to Seizure:</u> On February 8, 2023, Plaintiff attended training at the DOJ OIG Dallas Office. During a break, Plaintiff engaged in a conversation with now retired Senior Special Agent M.V. This conversation was innocuous and involved no threat or unlawful conduct; however, a day later, M.V. alleged a safety concern.

b) <u>Seizure of Firearm:</u> On February 9, 2023, Plaintiff was ordered by Defendant ASAC Kyle D. Kroesser, with the involvement and approval of Defendants SAC Cloey C. Pierce, DAIGI Sandra Barnes, AIGI Sarah E. Lake, and GC Jonathan Malis, to report to the DOJ OIG Dallas Office. Upon arrival, Plaintiff was placed in a closed room with Defendants SAC Pierce, ASAC Kroesser, and ASAC Ivan Martinez (non-defendant). Defendants questioned Plaintiff without being informed whether he was the subject of an investigation or advised of his rights. Plaintiff was not free to leave as the door was closed, and Defendant ASAC Kroesser positioned himself between Plaintiff and the exit.

c) <u>Seizure of Personal Firearm:</u> After questioning, Defendants informed Plaintiff that they would be seizing his agency-issued firearm. Plaintiff complied but inquired whether his personal firearm, which he had on his person, would also be seized.

d) <u>Authorization and Retention of Personal Firearm:</u> Defendant SAC Pierce contacted Defendant Sandra Barnes, who authorized the seizure of Plaintiff's personal firearm. Defendants seized Plaintiff's personal firearm without a warrant, legal process, or exigent circumstances and did not provide any property receipt for its seizure.

e) <u>Failure to Return Firearm:</u> Defendant ASAC Kroesser retained Plaintiff's personal firearm in his personal safe for four days. During this period, Plaintiff made repeated requests for its return and declared the seizure unconstitutional, but Defendants refused.

f) <u>Return of Firearm:</u> On February 13, 2023, Defendant ASAC Kroesser returned Plaintiff's personal firearm and admitted that it had been in his possession at his home for the previous four days.

g) <u>Excessive Use of Federal Authority:</u> At all relevant times, Defendants acted under color of federal law and exceeded their lawful authority in seizing and retaining Plaintiff's personal firearm, in violation of his Fourth, Fifth, and Second

1        Amendment rights.

2    2. Defendant's Second Instance of Constitutional Violations

3        a) Defendants' Ruse to Lure Plaintiff to the Bob Casey Federal Courthouse: On
4           January 8, 2025, Plaintiff was contacted by the Defendants, who informed him that
5           he was required to meet with agents from the DOJ OIG Detroit Office at the Bob
6           Casey Federal Courthouse.

7        b) Seizure of Plaintiff's Government-Issued Property: Upon Plaintiff's arrival at the
8           Bob Casey Federal Courthouse, Defendants informed him that they needed to take
9           possession of his government-issued property for reasons that were not adequately
10          disclosed to him.

11       c) Seizure of Plaintiff's Personal Firearm: In addition to the seizure of government-
12          issued property, Defendants also took Plaintiff's personal firearm. This time,
13          unlike the previous instance, Defendants provided a property receipt for the firearm,
14          acknowledging its seizure. The seizure of Plaintiff's personal firearm was carried
15          out without a warrant, legal process, or exigent circumstances. Plaintiff was
16          informed that his weapon would be returned to him the following day through the
17          mail.

18       d) Defendants' Assurance Regarding Plaintiff's Status: During the encounter,
19          Defendants informed Plaintiff that he was not the subject of any investigation, nor
20          was he a threat. Despite this assurance, Plaintiff's personal property was still seized
21          without clear justification or explanation.

22       e) Retention of Personal Firearm and Delivery Through the Mail: After seizing the
23          firearm, Defendants retained it temporarily, following the new agency policy in
24          response to the previous event. Defendant ASAC Kroesser, who again had physical
25          possession of Plaintiff's firearm at his home, arranged for the firearm to be returned
26          to Plaintiff the following day via overnight mail, which delayed Plaintiff's
27          immediate access to his personal property.

28       f) Excessive Use of Federal Authority: At all times relevant, Defendants acted under
29          color of federal law, but their actions in seizing and withholding Plaintiff's personal
30          firearm were unwarranted and excessive. Despite the provision of a property
31          receipt for the personal firearm, Defendants' actions—including luring Plaintiff to

1       the courthouse, seizing his property without clear justification, and sending the

2       firearm back via mail—violated Plaintiff's Fourth, Fifth, and Second Amendment

3       rights.

4                            **V.  CLAIMS FOR RELIEF**

5     **Count I: Violation of the Fourth Amendment (Unreasonable Seizure)**

6       1.  Plaintiff incorporates by reference all previous allegations as if fully set forth herein.

7       2.  Defendants, acting as federal officers under color of federal law, unlawfully seized

8           Plaintiff's personal firearm without consent, legal process, or exigent circumstances.  Such

9           actions violated Plaintiff's right to be free from unreasonable searches and seizures, as

10         guaranteed by the Fourth Amendment.

11      3.  Plaintiff's Fourth Amendment right was clearly violated when Defendants unlawfully took

12         possession of his firearm and retained it without justification.

13   **Count II: Violation of the Fifth Amendment (Due Process)**

14      1.  Plaintiff incorporates by reference all previous allegations as if fully set forth herein.

15      2.  Defendants' seizure and retention of Plaintiff's personal firearm deprived Plaintiff of his

16         Fifth Amendment right to due process.  Plaintiff was denied fair notice, a hearing, and an

17         opportunity to contest the seizure of his personal property.

18      3.  By failing to provide Plaintiff with a legal basis or process for the seizure, Defendants

19         violated Plaintiff's Fifth Amendment right to due process and to be free from arbitrary

20         governmental action.

21   **Count III: Violation of the Second Amendment (Right to Keep and Bear Arms)**

22      1.  Plaintiff incorporates by reference all previous allegations as if fully set forth herein.

23      2.  Defendants unlawfully seized and retained Plaintiff's personal firearm, in violation of his

24         Second Amendment right to keep and bear arms as a private citizen.

25      3.  Defendants had no legal authority to deprive Plaintiff of his right to possess his firearm,

26         and their actions constituted a clear deprivation of Plaintiff's constitutional rights under the

27         Second Amendment.

28   **Count IV: No Alternative Remedy Available**

29      1.  Plaintiff has no alternative remedy readily available for the violation of his constitutional

30         rights.  Plaintiff's claims cannot be remedied through existing administrative procedures,

31         and no other judicial remedy exists for the deprivation of his Fourth, Fifth, and Second

1    Amendment rights by federal officers in this case.

2                              **VI. PRAYER FOR RELIEF**

3    WHEREFORE, Plaintiff respectfully requests that this Court:

4    1. Award Plaintiff compensatory damages for the unlawful seizure and retention of his
5       personal firearm;

6    2. Award Plaintiff punitive damages for Defendants' willful, reckless, and unlawful conduct;

7    3. Issue a declaratory judgment that Defendant's actions violated Plaintiff's constitutional
8       rights under the Fourth, Fifth, and Second Amendments to the United States Constitution;

9    4. Grant a jury trial on all issues so triable;

10   5. Grant any other such relief that the Court deems just and proper.

11                                              Respectfully submitted,

12

13

14                                              Jake A. Duoblys

15                                               /s/ Jake A. Duoblys

16                                              Plaintiff, Pro Se

17                                              23814 Rimini Valley Way

18                                              Katy, Texas 77493

19                                              (760) 885-7602

20   ///                                        Duoblys_25@hotmail.com

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

29   ///

30   ///