United States Courts
Southern District of Texas
FILED

MAY 1 4 2025

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAKE A. DUOBLYS | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:25-cv-00768 |
| KYLE D. KROESSER, ET AL., | § § § | |
| Defendants. | § § § | |

## PLAINTIFF'S MOTION FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS

COMES NOW Plaintiff, Jake A. Duoblys, proceeding pro se, respectfully moves this Honorable Court to toll the statute of limitations for the filing of the complaint in this matter, specifically as related to the first instance of two pleaded claims in the *Original Complaint* (Dkt. No. 1 at 2:31 – 4:1). In support of this motion, Plaintiff states as follows:

### FACTUAL BACKGROUND

The applicable statute of limitations for Plaintiff's claims was set to expire on February 9, 2025. Plaintiff fully intended to and did file the complaint in the District Court before the expiration of the statute of limitations.

On February 7, 2025, Plaintiff submitted an In Forma Pauperis (IFP) motion and complaint under Miscellaneous Cause No. 4:2025mc00224. Plaintiff did so in good faith and in reliance on guidance received during several phone calls with the Clerk's Office, where prior to submission, Plaintiff specifically inquired about the topic and was informed that submission of the IFP motion, along with the complaint, would be considered filed timely for statute of limitations purposes. See

**Exhibit 1**, a screenshot of Plaintiff's phone records showing communication with the Southern District of Texas Clerk's Office on multiple dates leading up to the date of bar, which includes a certification by Plaintiff attesting to the document's authenticity.

Based on the *Defendants' Motion to Dismiss* (Dkt. No. 17), it has only now recently come to Plaintiff's attention that since the matter was placed in the Miscellaneous Court rather than the Civil Docket, it resulted in a delay in the formal filing of the complaint, as opposed to what guidance Plaintiff received from the Clerk's Office. Plaintiff seeks tolling for the period during which the complaint remained in the Miscellaneous Court, as this was due to improper guidance and clerical error rather than Plaintiff's inaction or delay.

## I. LEGAL STANDARD

### A. Texas Law and Federal Precedent Support Tolling in This Case

Under 42 U.S.C. § 1988, federal courts apply the state statute of limitations for personal injury claims in civil rights cases, which in Texas is two years, as set forth in Texas Civil Practice and Remedies Code § 16.003. Texas Civil Practice and Remedies Code § 16.064(a)(1) tolls the limitations period whenever a prior action is dismissed for lack of jurisdiction, regardless of whether proper pleadings could have invoked jurisdiction. In *Sanders v. The Boeing Company*, 680 S.W.3d 340 (Tex. 2023), the court reaffirmed that Texas law permits tolling in situations where a case was improperly filed due to jurisdictional defects.

Other relevant precedents, such as *Long Island Tr. Co. v. Dicker*, 659 F.2d 789 (7th Cir. 1981) and *Triple P.G. Sand Dev., LLC v. Del Pino*, No. 21-20274, 2022 WL 981702 (5th Cir. Mar. 31, 2022), support the principle that tolling should be granted when procedural missteps interfere with timely filing.

The Texas Supreme Court has consistently applied tolling doctrines to prevent injustice

due to procedural errors, as seen in *City of DeSoto v. White*, 288 S.W.3d 389 (Tex. 2009); *Nathan v. Whittington*, 408 S.W.3d 870 (Tex. 2013); and *In re United Services Automobile Association*, 307 S.W.3d 299 (Tex. 2010).

Equitable tolling is warranted when a litigant diligently pursues their rights but is prevented from timely filing due to extraordinary circumstances beyond their control. See *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Supreme Court reaffirmed this framework in *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016), holding that equitable tolling applies only where:

(1) the plaintiff has been pursuing their rights diligently, and

(2) some extraordinary circumstance stood in their way and prevented timely filing.

Under the first prong of *Menominee*, Plaintiff diligently pursued his rights by repeatedly contacting the Clerk's Office and timely submitting the IFP motion and complaint on February 7, 2025, in Miscellaneous Cause No. 4:2025mc00224 (Dkt. No. 1). Under the second prong, extraordinary circumstances are evidenced by documented clerical misguidance, confirmed through multiple phone interactions. See **Exhibit 1**. Thus, Plaintiff has fully satisfied the Supreme Court's equitable tolling requirements. The misinformation Plaintiff received constitutes precisely the type of extraordinary circumstance contemplated by *Menominee* and *Holland*, as Plaintiff reasonably relied on official court instructions, resulting in circumstances entirely beyond his control.

**B. No Prejudice to Defendants**

Granting tolling in this case will not unduly prejudice Defendants, as the complaint was timely submitted in good faith based on the Clerk of Court's guidance. Tolling the statute of limitations for the period in which the complaint was in the Miscellaneous Court will not prejudice

the Defendants, as this motion is filed promptly upon Plaintiff's discovery of the error and is not sought for purposes of delay. The core purpose of statutes of limitation is to prevent unfair surprise to defendants, which is not applicable here since Defendants would have been on notice had the case been properly docketed initially.

In the interest of justice, this Court should apply equitable tolling to allow the continuation of its current filing in Civil Court without procedural bar.

**II. REQUEST FOR RELIEF**

1. Given the above facts and legal precedent, Plaintiff respectfully requests that this Court toll the statute of limitations from February 7, 2025, until the date upon which the complaint is officially docketed in the proper Civil Court, February 18, 2025.
2. Plaintiff further requests any other relief this Court deems just and proper in the interest of justice.

**III. CONCLUSION**

WHEREFORE, Given Plaintiff's documented diligence and the extraordinary administrative misdirection, equity demands tolling be granted to allow this case to be heard on its merits. Plaintiff respectfully requests that this Honorable Court grant this motion and permit the case to proceed on its merits without penalty.

Respectfully submitted, May 14, 2025.

Jake A. Duoblys

Plaintiff, Pro Se

23814 Rimini Valley Way

Katy, Texas 77493

(760) 885-7602

Duoblys_25@hotmail.com

## CERTIFICATE OF CONFERENCE

I, the undersigned, certify that on May 13 and 14, 2025, I conferred via email with Assistant United States Attorney Myra Siddiqui, counsel for Defendants, regarding *Plaintiff's Motion for Equitable Tolling of the Statute of Limitations*. Counsel indicated that Defendants are opposed as to the relief requested herein. See **Exhibit 2**. Therefore, this motion is presented to the Court as opposed.

Respectfully Submitted on May 14, 2025.

                                        Jake A. Duoblys

                                        *[signature]*

                                        Plaintiff, Pro Se

                                        23814 Rimini Valley Way

                                        Katy, Texas 77493

                                        (760) 885-7602

                                        Duoblys_25@hotmail.com

///
///
///
///
///
///
///
///
///

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on May 14, 2025, a true and correct copy of the foregoing *Plaintiff's Motion for Equitable Tolling of the Statute of Limitations* was served on the Defendants via e-mail to the following attorney of record for Defendants, who agreed to accept service on behalf of the Defendants without prior consultation or agreement via e-mail:

Myra Siddiqui

Assistant United States Attorney

United States Attorney's Office

Southern District of Texas

1000 Louisiana Street, Suite 2300

Houston, Texas 77002

Myra.Siddiqui@usdoj.gov

(713) 567-9600

Respectfully Submitted on May 14, 2025.

                                              Jake A. Duoblys

                                              Plaintiff, Pro Se

                                              23814 Rimini Valley Way

                                              Katy, Texas 77493

                                              (760) 885-7602

                                              Duoblys_25@hotmail.com

///

///

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAKE A. DUOBLYS | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:25-cv-00768 |
| KYLE D. KROESSER, ET AL., | § § § | |
| Defendants. | § § § | |

## PLAINTIFF'S SWORN CERTIFICATION OF AUTHENTICITY OF EXHIBIT 1

I, Jake A. Duoblys, hereby certify and affirm under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. That I am the Plaintiff in the above-captioned case and have personal knowledge of the facts stated herein.

2. That attached hereto as **Exhibit 1** is a true and correct copy of a phone record obtained through my personal mobile carrier, T-Mobile.

3. That this document was generated in the regular course of activity by my service provider and received by me through secure, authenticated access to my personal account.

4. That the document is an authentic and accurate representation of my phone activity and communications with the Southern District of Texas Clerk's Office, phone number (713) 250-5500, dated twice on February 6, 2025, and on February 10, 12, and 14, 2025.

5. That this record has not been altered or tampered with in any way.

| | |
|---|---|
| 1 | I, the undersigned, declare under penalty of perjury that the foregoing is true and correct. |
| 2 | Executed on May 14, 2025. |
| 3 | Jake A. Duoblys |
| 4 | *[signature]* |
| 5 | Plaintiff, Pro Se |
| 6 | 23814 Rimini Valley Way |
| 7 | Katy, Texas 77493 |
| 8 | (760) 885-7602 |
| 9 | Duoblys_25@hotmail.com |
| 10 | /// |
| 11 | /// |
| 12 | /// |
| 13 | /// |
| 14 | /// |
| 15 | /// |
| 16 | /// |
| 17 | /// |
| 18 | /// |
| 19 | /// |
| 20 | /// |
| 21 | /// |
| 22 | /// |
| 23 | /// |



Usage overview > JAKE

# JAKE

(760) 885-7602

Jan 19 - Feb 18, 2025 ▼

**Data**    **Messages**    **Calls**

**Total calls:**
# 2082 minutes

🔍 (713) 250-5500     ⊗

Showing 5 records
Download all records

| Date (Pacific) ⌄ | Number ⌄ | Destination ⌄ | Minutes ⌄ | Type ⌄ |
|---|---|---|---|---|
| 02/06/2025<br>11:50 AM | (713) 250-5500 | to Houston/TX | 8 Min | -- |
| 02/06/2025<br>11:58 AM | (713) 250-5500 | to Houston/TX | 3 Min | -- |
| 02/10/2025<br>03:27 PM | (713) 250-5500 | to Houston/TX | 18 Min | -- |
| 02/12/2025<br>04:08 PM | (713) 250-5500 | to Houston/TX | 4 Min | -- |
| 02/14/2025<br>06:17 PM | (713) 250-5500 | to Houston/TX | 1 Min | -- |

&lt; | **1** | &gt;

**Connect with T-Mobile**    English   Español

Support            Store locator              T-Mobile.com

Contact us         Coverage

     © 2025 T-Mobile USA, Inc.

   About   Investor relations   Press   Careers   Deutsche Telekom   Puerto Rico

Privacy Notice   Trust Center   Privacy Center   Consumer information   Public safety/911   Terms & conditions   Terms of use   Accessibility   Open Internet

Do Not Sell or Share My Personal Information   Licenses & Patents   Consumer Health Data Privacy Notice

T-Mobile, the T logo, Magenta and the magenta color are registered trademarks of Deutsche Telekom AG.

 Outlook

## RE: Duoblys v. Kroesser et al.

**From** Siddiqui, Myra (USATXS) <Myra.Siddiqui@usdoj.gov>
**Date** Wed 5/14/2025 8:48 AM
**To**　　Jake A. Duoblys <duoblys_25@hotmail.com>

Yes, I am opposed. Thank you.

Myra Siddiqui
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Phone: (713) 567-9600

---

**From:** Jake A. Duoblys <duoblys_25@hotmail.com>
**Sent:** Tuesday, May 13, 2025 8:55 PM
**To:** Siddiqui, Myra (USATXS) <Myra.Siddiqui@usdoj.gov>
**Subject:** [EXTERNAL] Duoblys v. Kroesser et al.
**Importance:** High

AUSA Siddiqui,

I intend to file a *Motion for Equitable Tolling of the Statute of Limitations* tomorrow afternoon. I assume you are opposed, but please let me know your position.

Thank you.

Sincerely,

Jake A. Duoblys